IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

TEWANIA C. HARRIS                                                          PLAINTIFF

v.                                              CIVIL ACTION NO. 3:17-CV-215-MPM-RP

JAMIE DIMON, et al.                                                        DEFENDANT

**ORDER**

Before the Court are Plaintiff's *pro se* Complaint and Motion to Proceed *in forma pauperis* filed October 27, 2017. Docket 1, 2. Plaintiff Tewania C. Harris submitted financial information under penalty of perjury as required by 28 U.S.C. § 1915(a)(1). Docket 2.

The statute governing IFP proceedings, 28 U.S.C. § 1915, "is intended to provide access to federal courts for plaintiffs who lack the financial resources to pay any part of the statutory filing costs." *Prows v. Kastner*, 842 F.2d 138, 140 (5th Cir. 1988). Where the plaintiff's financial information shows that a filing fee would cause "undue financial hardship," the district court has discretion to reduce or waive the fee. *Id.*; *see also Adkins v. DuPont*, 335 U.S. 331, 339 (1948).

Having considered Plaintiff's financial affidavit, the Court finds that her IFP motion is well-taken and due to be granted. No filing fee will be assessed.

However, in an IFP case, the Court must dismiss a complaint when the action: "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). The Court acknowledges its obligation to liberally construe the pleadings of a lay person, like the Plaintiff, when he or she is proceeding in a case without benefit of counsel. *Haines v. Kerner*, 404 U.S. 519 (1972). However, a plaintiff's "*in forma pauperis* complaint may be dismissed as frivolous if it lacks an arguable basis in law or fact." *Newsome v. E.E.O.C.*, 301 F.3d 227, 231

1

(5th Cir. 2002). The Fifth Circuit has held that "a complaint lacks an arguable basis in law if it is based on an indisputably meritless legal theory, such as if the complaint alleges the violation of a legal interest which clearly does not exist." *Id*.

Further, a complaint "must contain a short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009). "Even a liberally construed *pro se* […] complaint, however, must set forth facts giving rise to a claim on which relief may be granted." *Johnson v. Atkins*, 999 F.2d 99, 100 (5th Cir. 1993) (citations omitted).

Plaintiff filed suit against the following entities and individuals: Jamie Dimon, Donald Trump, US FBI, US Executive Bank Branch, US Treasury Dept. U.S. Airports, Bank of America Executive, Federal Reserve, DHL, UPS, FedEx, Wells Fargo Executive Branch, WU, MGoohn, Melania Trump, Susan Rice, and Rex Tillerson. Docket 1. Plaintiff alleges that she received emails from "owners" naming her "beneficiary of their estates international willed" and that these funds were withheld from her and have never been received. *Id*. at 4-5. Plaintiff's Complaint appears to arbitrarily assign monetary figures to various banking institutions, foreign countries, airports, and government officials without explanation or assertion of any legal claims. *Id*. at 5. According to Plaintiff, the Africa Federal Escrow Court Chief Justice, Mr. George Williams, ordered the release of her funds on September 13, 2013, through various banking institutions. *Id*. at 6. Plaintiff contends that her civil rights were violated when these Defendants deliberately withheld funds belonging to her, and she seeks money damages in the amount of $156.5 million and $8,262.70 plus interest. *Id*. Plaintiff's Complaint asks the Court to "recover all my funds appoint a court appointed attorney to handle retrieving my funds in U.S. and International filing disability discrimination civil rights violation this is intentional sabotage against releasing my long overdue funds being withheld deliberately." *Id*. at 7.

On review, as to the aforementioned Defendants, Plaintiff's Complaint does not contain allegations giving rise to a claim on which relief may be granted. Plaintiff does not allege any specific action by Defendants Jamie Dimon, Donald Trump, US FBI, US Executive Bank Branch, US Treasury Department, U.S. Airports, Bank of America Executive, Federal Reserve, DHL, UPS, FedEx, Wells Fargo Executive Branch, Citi Bank Executive, WU, MGoohn, Melania Trump, Susan Rice, and Rex Tillerson that would make them liable for damages. Moreover, several of the Defendants from whom Plaintiff seeks monetary relief are immune from such relief. Even if Plaintiff had stated a claim upon which relief could be granted against these Defendants, it is not clear whether this Court has jurisdiction over these claims and Defendants or whether the Northern District of Mississippi is the proper venue for this litigation.

The district court has the power to dismiss complaints that are based on "fanciful, fantastic, or delusional facts." *Gartrell v. Gaylor*, 981 F.2d 254, 259 (5th Cir. 1993) (*Neitzke v. Williams*, 490 U.S. 319 (1989)). Therefore, Plaintiff's claims against Defendants Jamie Dimon, Donald Trump, US FBI, US Executive Bank Branch, US Treasury Department, U.S. Airports, Bank of America Executive, Federal Reserve, DHL, UPS, FedEx, Wells Fargo Executive Branch, Citi Bank Executive, WU, MGoohn, Melania Trump, Susan Rice, and Rex Tillerson are **DISMISSED** under 28 U.S.C. § 1915(e)(2)(B) as frivolous, for failure to state a claim, and for seeking monetary relief against several Defendants immune from such relief.

In what appears to be a separate cause of action against Chase Bank only, Plaintiff raises additional claims regarding certain Social Security benefits, a certified check, and a certificate of deposit account. Docket 1 at 7. She contends that certain payments were directly deposited into her account at Chase Bank, however, "Chase closed this account[,] set up new account[,] stole my money." *Id.* at 7. Plaintiff's Complaint references Social Security direct deposits in the

amount of $5,137.70 and $2,376.00, totaling $7,513.70, and claims that she never received these funds. *Id*. at 7. She further alleges that Chase stole a $5,000.00 certificate of deposit and that Chase withheld $500.00 after Plaintiff initiated a stop payment on a cashier's check in that amount. *Id*. Plaintiff does not allege any legal basis for her claims against Chase Bank regarding these funds and transactions.

Attached to Plaintiff's Complaint is documentation from the Social Security Administration dated January 14, 2005, detailing a "special one-time payment of Social Security benefits […] received January 2005 of $7,513.70." Docket 1 at 11. Also attached is a January 19, 2005 letter from the Social Security Administration stating that Plaintiff will receive a $5,137.70 check. *Id*. at 14. Correspondence from Chase Bank dated May 20, 2016, regarding these deposits from the Social Security Administration states "[b]ank records are generally kept for seven years, and we do not have any records for a deposit account dating from 2009." *Id*. at 17.

Regarding a $500.00 cashier's check, Plaintiff's Complaint includes correspondence from Chase Bank dated October 5, 2017, stating "we cannot confirm whether the funds were credited to this account or a new cashier's check was made because we only keep records of account transactions for seven years." *Id*. at 16. Chase references the Affidavit and Indemnity Agreement dated February 5, 2005, that Plaintiff signed attesting that the cashier's check was lost, and Plaintiff attached the agreement to her Complaint. *Id*. at 22. Plaintiff also attached a copy of the cashier's check dated January 3, 2005. *Id*. at 29.

Finally, regarding a $5,000 certificate of deposit, Plaintiff's Complaint includes a March 21, 2016 letter from Chase Bank in which Chase states "we found no records of your CD account and the checking account ending in 2515, whether the CD interest was deposited into. As previously explained, we keep account records for seven years." *Id*. at 18.

"A district court 'may raise the defense of limitations *sua sponte* ... [and] [d]ismissal is appropriate if it is clear from the face of the complaint that the claims asserted are barred by the applicable statute of limitations.'" *Stanley v. Foster*, 464 F.3d 565, 568 (5th Cir. 2006) (quoting *Harris v. Hegmann*, 198 F.3d 153, 156 (5th Cir. 1999)). Mississippi Code Annotated § 15-1-49 provides a three-year statute of limitations for any general claim Plaintiff is attempting to assert against Chase Bank. This three-year limitations period applies to claims for negligence, fraud, breach of contract, conversion, and negligent or intentional infliction of emotional distress. Miss. Code Ann. § 15-1-49; *see also Adams v. John M. O'Quinn & Assocs., PLLC*, 2017 WL 1194367, at *3 (N.D. Miss. Mar. 30, 2017); *Covington Cty. Bank v. Magee*, 177 So. 3d 826, 828 (Miss. 2015). Mississippi law further provides that an action against the issuer of a cashier's check or an action for conversion of the instrument must be commenced within three years. Miss. Code Ann. § 75-3-118. Finally, the general federal statute of limitations for civil actions is four years. 28 U.S.C. § 1658; *Garrett v. Thaler*, 560 F. App'x 375, 383 (5th Cir. 2014).

Based on the information provided to the Court, Plaintiff's unspecified claims against Chase Bank accrued in 2005, yet Plaintiff did not file suit until October 27, 2017. Plaintiff makes no allegation regarding any waiver or tolling of the applicable statute(s) of limitations and is therefore ordered to **SHOW CAUSE** as to why her claims against Chase Bank should not be dismissed under 28 U.S.C. § 1915(e)(2)(B) as frivolous and untimely and for failure to state a claim on which relief may be granted. Plaintiff is ordered to show cause within twenty (20) days of the date of this Order.

Plaintiff's claims against Defendants Jamie Dimon, Donald Trump, US FBI, US Executive Bank Branch, US Treasury Department, U.S. Airports, Bank of America Executive,

Federal Reserve, DHL, UPS, FedEx, Wells Fargo Executive Branch, Citi Bank Executive, WU, MGoohn, Melania Trump, Susan Rice, and Rex Tillerson are **DISMISSED.**

In light of this court's *sua sponte* dismissal of the claims against Dimon, his motion to dismiss [6-1] and motion for additional time to answer the complaint [5-1] are hereby dismissed as moot.

**SO ORDERED,** this the 13th day of December, 2017.

**/s/ MICHAEL P. MILLS**
**UNITED STATES DISTRICT JUDGE**
**NORTHERN DISTRICT OF MISSISSIPPI**