**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF MISSISSIPPI**
**OXFORD DIVISION**

TEWANIA C. HARRIS                                                                                         PLAINTIFF

v.                                                                   CIVIL ACTION NO. 3:17-CV-215-MPM-RP

JAMIE DIMON, et al.                                                                                    DEFENDANT

## ORDER OF DISMISSAL

On December 13, 2017, this Court ordered Plaintiff Tewania C. Harris to show cause as to why her claims against Chase Bank should not be dismissed under 28 U.S.C. § 1915(e)(2)(B) as frivolous and untimely and for failure to state a claim on which relief may be granted. Docket 8. Plaintiff filed her Complaint against Chase Bank and multiple other individuals on October 27, 2017. Docket 1. The Court's December 13 Order dismissed Plaintiff's claims against all individual Defendants as frivolous, for failure to state a claim, and for seeking monetary relief against defendants immune from such relief and further ordered Plaintiff to show cause as to why the remaining claims against Chase Bank are not subject to dismissal under 28 U.S.C. § 1915(e)(2)(B). Docket 8.

Plaintiff's claims against Chase Bank reference Social Security benefits, a certified check, and a certificate of deposit account. Docket 1 at 7. She contends that certain Social Security payments were directly deposited into her account at Chase Bank, however, "Chase closed this account[,] set up new account[,] stole my money." *Id.* at 7. Plaintiff claims that she never received Social Security direct deposits in the amount of $5,137.70 and $2,376.00, totaling $7,513.70. *Id.* at 7. She further alleges that Chase Bank stole a $5,000.00 certificate of deposit and that Chase Bank withheld $500.00 after Plaintiff initiated a stop payment on a cashier's check in that amount. *Id.* Based on the facts alleged in Plaintiff's Complaint, any claim she

might have against Chase Bank accrued in 2005, yet Plaintiff did not file suit until October 27, 2017, and her Complaint makes no allegation regarding any waiver or tolling of the applicable statute(s) of limitations. Docket 1. Plaintiff was ordered to show cause as to why her Complaint should not be dismissed no later than January 2, 2018. Docket 8.

Plaintiff submitted three separate responses to the show cause order on January 5, January 8, and January 17, 2018. Docket 9, 10, 11. Plaintiff's January 5, 2018 submission contains some information relevant to the show cause order which is discussed herein; however, the response largely contains copies of e-mail messages related to claims this Court dismissed on December 13, 2017. *Id*. at 6-81. Plaintiff's January 8 and 17, 2018 submissions are a continuation of e-mail messages that are wholly irrelevant to the Court's show cause inquiry. Docket 10, 11.

In its December 13, 2017 Order, the Court granted Plaintiff's Motion to Proceed *In Forma Pauperis*. Docket 8. However, in an IFP case, the Court must dismiss a complaint when the action: "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). As the Court stated in its previous Order, "[a] district court 'may raise the defense of limitations *sua sponte* ... [and] [d]ismissal is appropriate if it is clear from the face of the complaint that the claims asserted are barred by the applicable statute of limitations.'" *Stanley v. Foster*, 464 F.3d 565, 568 (5th Cir. 2006) (quoting *Harris v. Hegmann*, 198 F.3d 153, 156 (5th Cir. 1999)). Mississippi Code Annotated § 15-1-49 provides a three-year statute of limitations for any general claim Plaintiff is attempting to assert against Chase Bank. This three-year limitations period applies to claims for negligence, fraud, breach of contract, conversion, and negligent or intentional infliction of emotional distress. Miss. Code Ann. § 15-1-49; *see also*

*Adams v. John M. O'Quinn & Assocs., PLLC*, 2017 WL 1194367, at *3 (N.D. Miss. Mar. 30, 2017); *Covington Cty. Bank v. Magee*, 177 So. 3d 826, 828 (Miss. 2015). Mississippi law further provides that an action against the issuer of a cashier's check or an action for conversion of the instrument must be commenced within three years. Miss. Code Ann. § 75-3-118. Finally, the general federal statute of limitations for civil actions is four years. 28 U.S.C. § 1658; *Garrett v. Thaler*, 560 F. App'x 375, 383 (5th Cir. 2014).

The court acknowledges its obligation to liberally construe the pleadings of a lay person, like the Plaintiff, when he or she is proceeding in a case without benefit of counsel. *Haines v. Kerner*, 404 U.S. 519 (1972). However, "[a] district court may *sua sponte* dismiss a complaint under Rule 12(b)(6) 'as long as the procedure employed is fair.'" *Whatley v. Coffin,* 496 F. App'x 414, 415 (5th Cir. 2012) (citing *Bazrowx v. Scott,* 136 F.3d 1053, 1054 (5th Cir. 1998)). "Such dismissal is appropriate if the plaintiff has notice of the possibility of a ruling on the merits or if the plaintiff has had the opportunity to allege its 'best case.'" *Broyles v. Texas*, 618 F. Supp. 2d 661, 683 (S.D. Tex. 2009); *Lozano v. Ocwen Fed. Bank,* 489 F.3d 636, 642 (5th Cir. 2007); *Guthrie v. Tifco Indus.,* 941 F.2d 374, 379 (5th Cir. 1991); *Jacquez v. Procunier,* 801 F.2d 789, 792 (5th Cir. 1986). Federal Rule of Civil Procedure 8(a)(2) requires that pleadings contain a "short and plain statement of the claim showing that the pleader is entitled to relief." This pleading standard does not require "detailed factual allegations, but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 677–78 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007)). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do. Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id*. at 678 (citation omitted).

Plaintiff contends that certain Social Security payments were directly deposited into her account at Chase Bank, however, "Chase closed this account[,] set up new account[,] stole my money." *Id*. at 7. In support of these allegations, Plaintiff's Complaint includes documentation from the Social Security Administration dated January 14, 2005 and January 19, 2005 detailing the $7,513.70 and $5,137.70 payments she presumably never received. Docket 1 at 11, 14.

Plaintiff's response to the show cause order states that she "received letters from Social Security I would Put away sometimes Never reading them" and claims she never knew that the $7,513.70 check was deposited into an allegedly closed Chase Bank checking account. Docket 9 at 2. Plaintiff claims that she "called Chase Bank inquiring about my Funds being deposited into My Account […] they said they didn't have my Funds." Docket 9 at 2. According to Plaintiff, "[t]his was five Years after 2005." *Id*. Even if Plaintiff's claim against Chase Bank for allegedly stealing her money did not accrue until 2010, it remains barred by the three-year statute of limitation for conversion set forth in Mississippi Code Annotated § 15-1-49. *Id*.

Regarding a $500.00 cashier's check to Dorrance Publishing Company, Plaintiff's Complaint includes correspondence from Chase Bank dated October 5, 2017, stating "we cannot confirm whether the funds were credited to this account or a new cashier's check was made because we only keep records of account transactions for seven years." Docket 1 at 16. The letter from Chase Bank references an Affidavit and Indemnity Agreement dated February 5, 2005, that Plaintiff signed attesting that the cashier's check was lost, and Plaintiff attached the Agreement as well as the Stop Payment/Reissue Request to her Complaint. *Id*. at 21, 22.

The only reference to the certified check in Plaintiff's response to the show cause order states: "Ms. Martha Witker at Dorrence Publishing Company sent the Cashier Check for Publishing Bank One Sent Dorrance Publishing the Cashier Check, on 3/06/2008." Docket 9 at

1-2. This is inconsistent with the Stop Payment/Reissue Request and Affidavit and Indemnity Agreement dated February 5, 2005, attached to Plaintiff's Complaint. Docket 1 at 21, 22. Regardless, even if Plaintiff's claims regarding the cashier's check occurred in 2008, they are still barred by the statute of limitation for actions against the issuer of a cashier's check set forth in Mississippi Code Annotated § 75-3-118.

Plaintiff's Complaint states that "Chase stole $5,000 C.D." with no further factual allegations, yet she attached a March 21, 2016 letter from Chase Bank which states "we found no records of your CD account and the checking account ending in 2515, where the CD interest was deposited into. As previously explained, we keep account records for seven years." *Id*. at 7, 18. Plaintiff's response to the show cause order asserts no additional facts to support this bare allegation other than the statement that she "took and Put the Funds into a C.D. Account I Shortly took it Down, Paid Bills, went Shopping." Docket 9 at 1-2.

Plaintiff was given the opportunity to show cause as to why her claims against Chase Bank should not be dismissed under 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim on which relief may be granted. Docket 8. However, in her responses to the show cause order, Plaintiff failed to set forth any factual assertions regarding the certificate of deposit other than the "naked assertion" that "Chase stole $5,000 CD." Docket 1 at 7; *Ashcroft*, 556 U.S. at 678. Notwithstanding Plaintiff's failure to state a claim, the letter from Chase Bank stating that no records of the CD account were found and that records are kept for seven years strongly suggests that any claim Plaintiff may have had regarding a certificate of deposit is untimely.

Even if this Court gave Plaintiff the benefit of the general federal statute of limitations for civil actions set forth in 28 U.S.C. § 1658, Plaintiff's claims against Chase Bank still fail as matter of law. Plaintiff has failed to show cause as to why her claims against Chase Bank should

not be dismissed under 28 U.S.C. § 1915(e)(2)(B) as frivolous and untimely and for failure to state a claim on which relief may be granted. This case is dismissed without prejudice.

**SO ORDERED**, this the 14th day of February, 2017.

/s/ **MICHAEL P. MILLS**
**UNITED STATES DISTRICT JUDGE**
**NORTHERN DISTRICT OF MISSISSIPPI**